**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID. No. 1505003843 |
| | ) | |
| MELVIN L. JANVIER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Submitted: May 20, 2025
Decided: August 19, 2025

**ORDER DENYING MOTION
FOR REDUCTION OF SENTENCE**

Upon consideration of the defendant's motion for reduction of sentence and the record,[1] it appears that:

1.     In August 2015, Melvin Janvier ("Defendant") was indicted on 25 counts of Dealing in Child Pornography.[2]   The genesis of those charges was a May 7, 2015 arrest during which Defendant allegedly used a cell phone and internet platform to trade and store over 1500 images of nude children as young as toddlers engaged in prohibited sexual acts with other children or adults.[3]

2.     On January 11, 2016, Defendant pled guilty to (Count I) Dealing in

---

[1] Unless otherwise indicated all Docket Items [D.I.#] refer to Case No. 1505003843.

[2] D.I. 3.

[3] D.I. 1.

Child Pornography and (Count II) Possession of Child Pornography (as a lesser included offense of Dealing in Child Pornography).[4]   In exchange for Defendant's guilty plea, the remaining 23 counts were dismissed.[5]   On April 1, 2016, the Court sentenced Defendant on Count I to 15 years at Level V, suspended after 4 years Level IV (DOC discretion), followed by 3 years at Level III, and on Count II 3 years at Level V, suspended for 24 months Level III to be served consecutively effective May 7, 2015 (the "Sentence").[6]

3.   On June 13, 2016, Defendant moved for sentence modification arguing his lack of criminal history, diagnosis of Asperger's Syndrome, and cooperation in a related criminal investigation warranted a two-year reduction in his Level V sentence, followed by Level IV and Level III supervision.[7]   The State opposed any reduction on the bases (1) Defendant was arrested as a result of an international investigation by U.S. Homeland Security into a social media platform, "Kik," used for sharing and distributing child pornography; (2) during a post-Miranda interview, Defendant indicated he had an extensive collection of child pornography, including toddlers; (3) Defendant had taken the further step of communicating with a child, a

---

[4] D.I. 6.

[5] *Id.*

[6] D.I. 9.

[7] D.I. 10 ¶¶ 8–9.

2

14 year-old girl; and (4) the State's sentencing recommendation already accounted for his cooperation with another investigation—the prosecutor explained that normally possession of child pornography, combined with contact with a child, would have garnered a 10-year Level V recommendation by the State.[8] The Court denied the sentence reduction.[9]

4.     Six months later, Defendant's mother followed up with a letter stating he had ADHD.[10]   Defendant then wrote the Court in December 2016 and January 2017, arguing he had been promised immunity by the State for his assistance with the other investigation[11] and he had learned a "critical life lesson."[12]   The prosecutor responded the original plea offer reflected Defendant's cooperation[13] defense counsel explained Defendant was not entitled to immunity,[14] and the Court declined to consider the matter further.[15]

5.     Consistent with the Sentence, on October 26, 2018, Defendant was

---

[8] D.I. 13.

[9] D.I. 12.

[10] D.I. 14.

[11] *See* D.I. 16, 17.

[12] D.I. 17 at 4.

[13] D.I. 19.

[14] D.I. 21.

[15] D.I. 22.

released from incarceration to Level IV[16] and signed Sex Offender Special Conditions that forbade him from using any device to access the internet.[17]

6.    On July 24, 2019, Defendant, filing pro se, again moved the Court for sentence reduction to remove his remaining 14-month Level IV home-confinement sentence.[18]   In pertinent part, the Defendant wrote that he was compliant with Level IV, needed to care for his disabled father, and was having difficulty finding employment with limited internet access:

> Being allowed out of my house only 2 hours a day when I am not working, and with my current court ordered restrictions against the use of the internet outside state facilities, (such as the department of labor), I am currently only able to look for jobs on Tuesday[s] for 2 hours a day.[19]

Probation and Parole did not oppose the modification.[20] And so, by Order dated September 19, 2019, the Court granted the motion, reduced Defendants Level IV-time, and released him to Level III supervision.[21]

7.    Just shy of two years later, on July 20, 2021, while Defendant was still on Level III probation, Delaware Probation and Parole ("P&P"), assisted by the FBI

---

[16] D.I. 17.

[17] D.I. 29.

[18] D.I. 19.

[19] D.I. 24, 25.

[20] D.I. 26 at 2.

[21] D.I. 27.

Violent Crimes Against Children Unit ("FBI"),[22] executed an administrative warrant on Defendant's residence during which a prohibited cell phone was located.[23] P&P alleged Defendant "admitted to buying the phone to 'do dirt' on [and w]hen asked what he meant by dirt, he stated [a]ccessing child pornography."[24] This was later corroborated by a U.S. DOJ press release:

> Law enforcement . . . found over 2,000 files containing CSAM [(child sexual abuse material)] on [Defendant's] phone. The files found on the device included images and videos of prepubescent minors, to include infants and toddlers, and materials portraying bondage and bestiality.[25]

8. On December 7, 2021, the United States indicted Defendant for distributing and possessing child pornography on July 20, 2021 ("Federal Charges").[26]

9. At Defendant's request, this Court rescheduled the violation of probation hearing on the instant state case pending resolution of the Federal Charges.[27]

---

[22] D.I. 29 ["Administrative Warrant"]. *See also* Indictment, Count II, United States v. Janvier, No. 21-0078-MN (D. Del. Dec. 7, 2021), ECF No. 2 ["Fed. Indictment"].

[23] Administrative Warrant; Fed. Indictment.

[24] Administrative Warrant.

[25] *See* Press Release, U.S. DOJ, Delaware Man Sentenced to 135 Months in Federal prison for Second Conviction Involving Child Sexual Abuse Material (January 24, 2025), https://www.justice.gov/usao-de/pr/delaware-man-sentenced-135-months-federal-prison-second-conviction-involving-child.

[26] *See* Fed. Indictment.

[27] D.I. 32–33.

10. On November 20, 2023, Defendant pled guilty in the United States District Court to Production of Child Pornography located on the phone seized during execution of the above-referenced administrative warrant.[28]

11. On January 23, 2025, the District Court sentenced Defendant to federal imprisonment of 135 months followed by 15 years of federal supervised release.[29] Defendant was ordered to forfeit the cell phone and make restitution in the amount of $45,000 to 15 different child victims.[30]

12. At the February 19, 2025, Violation of Probation Hearing ("VOP Hearing") in the instant matter, Defendant admitted the violation based upon the federal conviction.[31] He asked the Court to consider several mitigating factors: (1) his mental health diagnoses, including Asperger's Syndrome, and recent disclosure of sexual victimization as a child, (2) Delaware DOC was not providing him with the medications he received in federal custody, and (3) a special sex offender therapeutic program is available in federal custody. Defendant requested the Court impose a sentence of time-served or, alternatively, a short Level V-term, and

---

[28] *See* Fed. Indictment; D.I. 37 ¶ 3.

[29] J. in a Crim. Case, *United States v. Janvier*, No. 21-00078-MN (D. Del. Jan. 9, 2025), ECF No. 61 ["Fed. Sentence"] at 1–3.

[30] Fed. Sentence at 7–9.

[31] Defendant states he "admitted the violation of probation on the basis he was arrested, charged, and convicted of a new offense while he was on probation." Mot. ¶ 4.

concurrent credit time for the period he spent in federal custody awaiting disposition of the Federal Charges.

13. The Court split the baby. The Court acknowledged Defendant's early acceptance of responsibility and need for treatment but, balancing those mitigators against the serious nature of the violation, declined Defendant's request for time-served or concurrent credit time. Instead, the Court halved P&P's Level V recommendation and resentenced Defendant on the: (1) VOP for Count I to 11 years LV, with credit for 171 days previously served (on the Delaware VOP), suspended after 2 years Level V, with no probation to follow and (2) VOP for Count II to 3 years at Level V, suspended after 6 months LV, with no probation to follow ("VOP Sentence").[32]

14. Defendant now moves under Rule 35 for the Court to reduce his Level V term under the VOP Sentence so that he can begin serving his federal sentence before the end of 2025—instead of November 2026 (his estimated release date under the VOP Sentence with good time credit).[33] Defendant contends his sentence should be reduced on the following grounds: (1) he was sentenced at the high end of the federal guidelines based on his probationary status in Delaware for similar

---

[32] D.I. 36.

[33] D.I. 37 ["Mot."] ¶ 6. Per defense counsel, Defendant's good time release date is November 28, 2026. *Id*.

crimes;[34] (2) he will be on federal probation for 15 years to ensure he does not reoffend;[35] (3) he will be delayed paying restitution to the federal victims;[36] (4) he accepted responsibility for his actions and is remorseful;[37] (5) he is in need of treatment and the programs for sex offenders in federal prison are better than those available in Delaware;[38] and (6) he disclosed in therapy he was sexually abused as a child, has depression and anxiety, and "recently received" a diagnosis of Asperger's Syndrome.[39]

15.    The Court considered these same arguments during the VOP Hearing, has re-considered them under the rubric set forth in Rule 35(b), and concludes Defendant has not demonstrated good cause for relief from the VOP Sentence imposed.

## STANDARD

16.    Under Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[40]

---

[34] Mot. ¶ 7.

[35] *Id.* ¶ 7.

[36] *Id.*

[37] *Id.* ¶ 8.

[38] *Id.*

[39] *Id.* ¶ 9. Defendant also used the diagnosis of Asperger's Syndrome as grounds for relief 9 years ago in a motion for sentence reduction, which was denied by this Court. *See* D.I. 10 ¶¶ 8–9.

[40] Super. Ct. Crim. R. 35(b).

The intent of Criminal Rule 35(b) has historically been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[41] When a motion for sentence reduction is timely filed, the Court has broad discretion in deciding whether it should alter its judgment.[42] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[43]

17. Delaware law places a heavy burden on the moving party to "uphold the finality of sentences."[44] It follows that a defendant seeking sentence reduction must establish good cause. He has not.

18. The VOP Sentence was imposed after the VOP Hearing during which Defendant admitted he violated the terms of his probation. The United States Supreme Court has explained that probation is a privilege, not a right, "designed to provide a period of grace in order to aid the rehabilitation of a penitent offender . . . to take advantage of an opportunity for reformation."[45] That grace was squandered

---

[41] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

[42] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[43] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Dec. 16, 2014) (citing *United States v. Ellenbogen*, 390 F.2d 537, 541–43 (2d. Cir. 1968) (explaining the time limitation and purpose of then-existent sentence reduction provision of Fed. R. Crim. P. 35, the federal analogue to current Criminal Rule 35(b)).

[44] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

[45] *Burns v. United States*, 287 U.S. 216, 220 (1932).

when the Defendant chose to have a cell phone—which was prohibited—and used it to access and store child pornography.[46]

19. In considering the appropriate resentence to impose for Defendant's violation, this Court considered all the mitigating factors now argued by Defendant in support of the instant motion.

20. Defendant previously argued the federal court contemplated the state offense when it sentenced him to considerable jail time.[47] Indeed, the record reflects the federal court considered the Defendant's history of child pornography convictions as an aggravator when it imposed sentence upon Defendant. But the federal court did not indicate an intent to subsume any state penalty for the VOP in its sentence or to run the federal and state sentences concurrently. Quite the opposite, the federal court ordered Defendant's imprisonment of "135 months to run *consecutive to any term of imprisonment imposed in New Castle County Superior Court Case No. 1505003843*."[48] Further, that Defendant was sentenced to a lengthy period of incarceration for a federal offense does not excuse the serious nature of his violation of probation in Delaware. Defendant is not entitled to a free pass.

---

[46] Defendant's federal conviction stems from possessing child pornography located on a contraband phone seized during execution of the administrative warrant on July 20, 2021. *See generally* Administrative Warrant; Fed. Indictment; Fed. Sentence (requiring forfeiture of the phone).

[47] *See* Mot. ¶ 7.

[48] Fed. Sentence at 1–3 (emphasis added).

Likewise, Defendant's argument that he will be supervised for a lengthy probationary period is cold comfort to this Court, given that Defendant was being supervised at the highest level of state probation when he violated his probation (and federal law) by engaging in precisely the same type of criminal conduct for which he was being supervised.

21. Defendant also previously argued he would be delayed from receiving sex offender treatment and counseling in federal custody.[49] The Court considered Defendant's need for treatment in determining the VOP Sentence.[50] And while the Court acknowledges one of the purposes of sentencing is rehabilitation of the offender, a higher priority here is incapacitation—through incarceration—of a violence-prone offender.[51] Here, Defendant's violation of probation was not technical; it evinces repetitive criminal conduct which poses a substantial risk to the public—namely, continued sex crimes against vulnerable children. Accordingly, Defendant is properly subject to the Level V-time imposed by this Court.

22. In sum, the VOP Sentence is appropriate for all the reasons stated at

---

[49] Defendant complains, "[T]he length of the [two-year] sentence imposed by the Court only serves to delay him from being committed to a federal prison where he will receive the treatment and counseling he desperately needs to address his offense." Mot. at ¶ 7.

[50] D.I. 10 ¶¶ 8–9.

[51] Statement of Policy, SENTAC Benchbook 31 (2025). Dealing in Child Pornography is classified as a violent felony by 11 *Del. C.* § 4201(c).

the time it was imposed. No additional information has been provided to the Court that would warrant a reduction. Indeed, upon consideration of Defendant's motion, the Court finds the sentence imposed was well within the statutory guidelines, as well as reasonable and just, under the circumstances presented. This Court finds Defendant has not demonstrated cause for the relief sought. Accordingly, Defendant's prayer for relief under Rule 35(b) is **DENIED**.

**IT IS SO ORDERED** this 19th day of August 2025.


*/s/ Kathleen M. Vavala*
The Honorable Kathleen M. Vavala



Original to Prothonotary:
cc:   Andrew J. Meyer, Esquire
      Investigative Services